Maurice MANIKOWSKE, an Incompetent Person, by Clarence Bladow, his Guardian, Plaintiff and Respondent,

v.

Thomas E. MANIKOWSKE, Martha Manikowske, Martha Manikowske, as Executrix of the Estate of Alice Manikowske, Penny Manikowske, Bonny Manikowske, and Thomas W. Manikowske, Defendants and Appellants,

and

The Guardian Life Insurance Co., a corporation, and New York Life Insurance Company, a corporation, Defendants.

No. 8375.

Supreme Court of North Dakota.

Nov. 10, 1966.

Lewis & Bullis, Wahpeton, for appellants.

Johnson, Milloy & Eckert, Wahpeton, for respondent.

ERICKSTAD, Judge.

The defendants Thomas E. Manikowske, Martha Manikowske, Martha Manikowske as Executrix of the Estate of Alice Manikowske, Penny Manikowske, Bonny Manikowske, and Thomas W. Manikowske, appeal from the order of the District Court of Richland County entered July 22, 1966, construing a decision involving the same parties rendered by this court on June 29, 1965.

The decision construed is Manikowske v. Manikowske, 136 N.W.2d 465 (N.D.1965). In the concluding paragraphs of that decision this court modified the judgment of the district court. The part pertinent to this appeal reads as follows:

For the reasons set forth in this opinion, we direct that the judgment of the district court be modified to provide as follows:

1. That the plaintiff be declared the legal owner of the following described insurance policies: New York Life Insurance Company, insurance policy #22–528–746, and The Guardian Life Insurance Company, insurance policy #870936; and that the defendants Thomas E. Manikowske and Martha Manikowske be ordered to transfer legal ownership of said policies to the plaintiff;

\* \* \* \* \* \*

3. That possession of the insurance policies described in paragraph numbered one hereof be placed with the plaintiff and that the clerk of court is ordered to deliver said policies to Clarence Bladow as guardian for said Maurice Manikowske;

4. That the defendants The Guardian Life Insurance Company and the New York Life Insurance Company be ordered and directed to change legal ownership of their respective insurance policies described in paragraph numbered one to provide ownership in Maurice Manikowske, showing Clarence Bladow as guardian of the said Maurice Manikowske;

\* \* \* \* \* \*

Manikowske v. Manikowske, supra, at 482.

It is the contention of the appellants that under these directions the beneficiaries of the policies were not to be changed. Accordingly, when forms to transfer the legal ownership of the policies to Maurice Manikowske were sent to the appellants for their

execution, the appellants provided for a reservation in the transfer to the effect that transfer of the title was subject to the condition that the beneficiaries of the policies could not be changed without written consent of the appellants.

Upon proper motion having been made, the trial court, under Rule 70, N.D.R.Civ.P., ordered the appellants to transfer to Maurice Manikowske full legal title to the policies without reservation. It is from this order that the appeal is taken.

The facts and circumstances surrounding this matter are set forth in our earlier decision. The only question before us is whether this court in its original decision intended the legal ownership of the insurance policies to carry the right to change the beneficiaries. We hold that the right of ownership did carry the right to change the beneficiaries under the circumstances of this case. We accordingly affirm the trial court's order.

TEIGEN, C. J., and STRUTZ, MURRAY and KNUDSON, JJ., concur.